# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-00442-SEP |
| ) | |
| T-MOBILE USA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss. Doc. [12]. The motion is fully briefed and ready for disposition. Docs. [13], [18], [20]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND[1]

Defendant hired Plaintiff, a black male, to work as an Account Manager. Doc. [5] ¶¶ 5-6. As an Account Manager, Plaintiff had a "quota of thirty-five units per month, generated from activity in the seven states assigned to [Plaintiff]." *Id*. ¶ 9. Following Defendant's merger with Sprint, Plaintiff was reassigned to a team consisting of all white females and servicing just two states, and Plaintiff's quota was increased to fifty units per month. *Id*. ¶¶ 10-12. "After [Plaintiff] complained about the unfairness of the increased quota, Defendant took away half of Plaintiff's potential market in Missouri and gave it to a white female." *Id*. ¶ 13. When that white female quit after three months, Plaintiff was forced to share the territory with another white female who already had exclusive access to Nebraska, Colorado, and Kansas. *Id*. ¶¶ 14-15. Plaintiff claims that all the white female Account Managers had several states assigned to them. *Id*. ¶ 16. Plaintiff complained about the "unfair quota and territory assignments," but "[m]anagement never answered." *Id*. ¶¶ 18-19. On or about March 18, 2021, Plaintiff received a write-up for failing to meet his sales quota. *Id*. ¶ 20. According to Plaintiff, none of the white female Account Managers were written up despite not meeting their quotas. *Id*. On August 24, 2021, Plaintiff made

---

[1] The Court assumes the following facts, taken from the Petition, to be true for the purposes of the motion to dismiss. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

an official complaint alleging race and sex discrimination. *Id.* ¶ 22. Defendant took no action regarding the complaint, and Plaintiff eventually resigned. *Id.* ¶¶ 23-24.

On September 27, 2021, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. *Id.* ¶ 25. On January 24, 2023, the EEOC issued Plaintiff a right-to-sue letter. *Id.* ¶ 27. Plaintiff originally filed this action in state court alleging sex/gender and racial discrimination in violation of the Missouri Human Rights Act (MHRA), illegal retaliation in violation of the MHRA, and hostile work environment in violation of the MHRA. *See* Doc. [5]. Defendant removed the action to federal court, Doc. [1], and filed a motion to dismiss, Doc. [12].

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). But if a plaintiff fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir.

2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

## DISCUSSION

Defendant moves to dismiss on the basis that Plaintiff has failed to obtain a right-to-sue letter from the MCHR. Doc. [13] at 2-4. "To initiate a claim under the MHRA a party must timely file an administrative complaint with MCHR [Missouri Commission on Human Rights] and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp., 217 F.3d 621, 630* (8th Cir. 2000). "Only after a plaintiff receives a right-to-sue letter from the MCHR may he file an MHRA claim." *Busch v. AppleCare Serv. Co., Inc.*, 2024 WL 2048861, at *4 (E.D. Mo. May 8, 2024) (citing *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003)); *see also Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) ("[W]e believe that the Missouri courts would consider a right-to-sue letter as a condition precedent, although not a jurisdictional prerequisite, to bringing an action under the MHRA.").

In his response, Plaintiff claims that he received a right-to-sue letter from the EEOC. However, "[a] right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR." *Hammond*, 117 S.W.3d at 136 (citing *Whitmore*, 156 F.3d at 800). And while Plaintiff is correct that the "failure to obtain a right to sue letter can be cured after litigation has begun," *Davis v. Bemiston-Carondelet Corp.*, 2006 WL 1722277, at *3 (E.D. Mo. June 20, 2006), Plaintiff has made no attempt to cure this defect despite the fact that the Motion to Dismiss has been pending for over six months. *Compare Simmons v. Directory Distrib. Assocs.*, 2005 WL 2033426, at *6 (E.D. Mo. Aug. 22, 2005) (dismissing plaintiff's MHRA claims because plaintiff "could have possibly cured the defect by obtaining a right-to-sue letter after filing the case, but did not do so"), *with Davis*, 2006 WL 1722277, at *3 (motion to dismiss denied where plaintiff was actively "pursuing a writ of mandamus in state court that would require MCHR to issue him a right-to-sue letter"). Because Plaintiff has failed to plead or otherwise establish that he received a right-to-sue letter from the MCHR, the Court finds

3

that Plaintiff has failed to adequately exhaust his administrative remedies as to his claims under the MHRA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [12], is **GRANTED**.  The case is dismissed without prejudice.

The Court will issue a separate order of dismissal.

Dated this 8th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE